## Case No. 1,189.

### BEARDSLEY et al. v. TAPPAN.

[5 Blatchf. 497.] [1]

Circuit Court, S. D. New York. Oct. 10, 1867. [2]

MERCANTILE AGENCIES — LIBEL AND SLANDER — PRIVILEGED COMMUNICATIONS — EMPLOYES OF PRINCIPALS.

1. The defendant conducted a mercantile agency in the city of New York, the object of which was to procure information of the pecuniary ability and standing of merchants in the country for merchants in the city, to be communicated to the latter in a confidential manner. He had some twenty clerks to whom the information obtained, and which was recorded in a book, was communicated, and who participated in communicating it to the customers of the agency or to their clerks. The defendant communicated, through his clerks, to several customers and to their clerks, facts seriously affecting the credit of the plaintiff, as a merchant: *Held*, that the communication was not of a privileged character.

[Questioned in Erber v. Dun, 12 Fed. 535; Trussell v. Scarlett, 18 Fed. 216.]

2. The principle upon which privileged communications rest, which, of themselves, would otherwise be libellous, imports confidence and secrecy between individuals, and is inconsistent with the idea of a communication made by a society or congregation of persons, or by a private company or a corporate body.

[Contra, see Trussell v. Scarlett, 18 Fed. 214; Cossette v. Dun, 18 Can. Sup. Ct. 222; Locke v. Bradstreet, 22 Fed. 771.]

At law. This was a suit [by Horace Beardsley and John Beardsley against Lewis Tappan, proprietor of a mercantile agency] to recover damages from the defendant for having libelled and slandered the plaintiffs in respect of their credit as a mercantile firm, carrying on business at Norwalk, Ohio. [Demurrer to the declaration was overruled, —Case No. 1,188.—and the case was tried by jury,—Id. 1,188a.] The jury found a verdict for the plaintiffs for $10,000, and the plaintiffs now moved for a new trial. [Refused.]

[Subsequently the defendant took the case to the supreme court by writ of error, where the final judgment was reversed and a new trial awarded. Tappan v. Beardsley, 10 Wall. (77 U. S.) 427.]

[1] [Reported by Hon. Samuel Blatchford. District Judge, and here reprinted by permission.]
[2] [Reversed in 10 Wall. (77 U. S.) 427.]

Daniel D. Lord, for plaintiffs.
Charles O'Conor, for defendant.

NELSON, Circuit Justice. The defendant resided in New York, and had established in that city a mercantile agency, the object of which was to procure information of the pecuniary ability and standing of merchants in the country for merchants in the city, to be communicated to the latter in a confidential manner. The defendant had some twenty clerks who participated in the business of the establishment, and were, of course, privy to the information obtained, whether favorable or unfavorable to the character and credit of the country merchant, and who participated in the communication of the information to their customers or customers' clerks. The defendant communicated, through his clerks, to several customers and to their clerks facts seriously affecting the credit of the plaintiffs' house; and the main question in the case, on the merits, is, whether or not he is exempt from the consequences of the publication, on the ground of its privileged character. The court charged the jury, that, if the defendant himself had communicated the information to a person applying to him for the purpose, in good faith, the communication might have been a privileged one; but that the publicity given to it by recording the libellous words in a book, to which others had access, and to whom they were communicated, though standing in the relation of clerks, deprived the communication of its otherwise privileged character. This is no doubt a very important question, and one involving, in its practical operation, whichever way it may be decided, interests of very great magnitude. On the one hand, to legalize these establishments in the manner and to the extent used by the defendant, is placing one portion of the mercantile community under an organized system of espionage and inquisition for the benefit of the other, exposed, from the very nature of the organization, to perversion and abuse; and, on the other, to refuse to legalize them, may be restricting injuriously the right of inquiring into the character and standing of the customer asking for credit in his business transactions. I am strongly inclined to think, that, if the establishments are to be upheld at all, the limitation attached to them by the court below is not unreasonable, to wit, that it must be an individual transaction, and not an establishment conducted by an unlimited number of partners and clerks. The principle upon which privileged communications rest, which, of themselves, would otherwise be libellous, imports confidence and secrecy between individuals, and is inconsistent with the idea of a communication made by a society or congregation of persons, or by a private company or a corporate body.

The other objections in the case are technical in their character, not involving the

merits. I have looked into them, and am of the opinion that they are not available to the defendant. New trial denied.

[NOTE. On writ of error, the supreme court reversed this judgment, and awarded a new trial, upon the ground that the whole record in the divorce proceedings pending between John Beardsley and his wife was improperly introduced in evidence and read to the jury. Mr. Justice Miller, in delivering the opinion of the court, did not touch upon the points considered by the circuit court in the reported opinions. Tappan v. Beardsley, 10 Wall. (77 U. S.) 427.]